NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1531

INTERNATIONAL CUSTOM PRODUCTS, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Simeon M. Kriesberg, Mayer, Brown, Rowe & Maw LLP, of Washington, DC, for plaintiff-appellant. With him on the brief were Andrew A. Nicely and Priti Seksaria Agrawal.

Edward F. Kenny, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director, of Washington, DC, Also on the brief was Barbara S. Williams, Attorney in charge, International Trade Field Office, United States Department of Justice, of New York, New York. Of counsel on the brief was Yelena Slepak, Attorney, Office of Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.

Appealed from: United States Court of International Trade

Judge Richard K. Eaton

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1531

INTERNATIONAL CUSTOM PRODUCTS, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: January 25, 2007

_____

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

MICHEL, Chief Judge.

International Custom Products, Inc. ("ICP") appeals from a final judgment of the Court of International Trade ("CIT") dismissing Count I of its complaint under 28 U.S.C. § 1581(i) for lack of subject matter jurisdiction. Int'l Custom Prods., Inc. v. United States, No. 05-00615 (Ct. Int'l Trade July 18, 2006). In an unpublished order, the CIT held that it did not have subject matter jurisdiction over Count I of ICP's complaint because the case should have been brought under 28 U.S.C. § 1581(a) instead. Int'l Custom Prods., Inc. v. United States, No. 05-00615 (Ct. Int'l Trade June 20, 2006) ("Order"). Because the appellant's arguments in support of reversal of the CIT's

judgment are foreclosed by this court's decision in Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324 (Fed. Cir. 2006), we affirm the CIT's finding of no jurisdiction under 28 U.S.C. § 1581(i).

I

ICP is an importer and distributor of a milk-fat based product that is used as an ingredient in sauces, salad dressings, dips, and other food products. Prior to importing its product, ICP requested that the United States Bureau of Customs and Boarder Protection ("Customs") issue an advance classification letter classifying ICP's product as a "sauce and preparation therefor" under the Harmonized Tariff Schedule of the United States ("HTSUS"). Customs granted the request and issued an advance classification letter in January 1999, classifying ICP's product as a "white sauce" under HTSUS 2103.90.9091. In April 1999, ICP commenced importation of its product.

In April 2005, Customs issued a Notice of Action notifying ICP that Customs was reclassifying its product under HTSUS 0405.20.3000 as a "dairy spread." On May 6, 2005, ICP commenced an action under 28 U.S.C. § 1581(i) against Customs challenging the validity of the Notice of Action. In June 2005, the CIT found the Notice of Action to be null and void for failure of the agency to follow the prescribed statutory and regulatory procedures for lawfully revoking an advance ruling. Int'l Custom Prods., Inc. v. United States, 374 F. Supp. 2d 1311, 1326 (Ct. Int'l Trade 2005). The CIT also held that the advance classification letter remained "in full force and effect" until modified or revoked in compliance with Customs' own regulations and procedures. Id. at 1333.

2006-1531                                                      2

The government appealed and on October 17, 2006, this court reversed the CIT's holding of jurisdiction, vacated its judgment on the merits, and remanded for dismissal of the complaint. Int'l Custom Prods., 467 F.3d at 1326. We held that the remedy provided by 28 U.S.C. § 1581(a) was not manifestly inadequate, and accordingly, the CIT lacked jurisdiction under § 1581(i) to determine the validity of the Notice of Action. Id. at 1327. This court rejected ICP's allegations of financial hardship and lack of prospective relief under 28 U.S.C. § 1581(a), as well as ICP's contention that delays inherent in proceeding under § 1581(a) would render any available relief manifestly inadequate due to its financial distress. With regard to the latter, we held that "delays inherent in the statutory process do not render it manifestly inadequate," and that Congress provided for an accelerated protest disposition process which was available to ICP for some of its entries. Id. at 1327-28. Finally, since the CIT lacked jurisdiction, this court held that it did not have jurisdiction to reach the merits of ICP's complaint, i.e., whether Customs' Notice of Action violated 19 U.S.C. § 1625(c). Id. at 1328.

In the interim between the government's notice of appeal and this court's decision in International Custom Products, Customs published a Proposed Revocation notice in the Customs Bulletin in August 2005 in accordance with the procedures set forth in 19 U.S.C. § 1625(c). Customs subsequently issued a Revocation letter on November 2, 2005 reclassifying ICP's product as a "diary spread" under HTSUS 0405.20.3000. The Revocation became effective on January 2, 2006.

On November 14, 2005, ICP filed another complaint against Customs before the CIT. In Count I of the complaint, ICP asserted that as a matter of law, the 1999

classification of its product as a "white sauce" was correct and the 2005 reclassification thereof as a "dairy spread" was incorrect and violated U.S. tariff classification law. The CIT ordered briefing on the issue of jurisdiction, and the government filed a motion to dismiss all counts of the complaint for lack of subject matter jurisdiction. ICP argued that the court had jurisdiction under 28 U.S.C. § 1581(i) to entertain Count I.

When the CIT issued its Order on June 20, 2006, it did not have the benefit of this court's decision in International Custom Products. Nevertheless, the CIT granted the government's motion to dismiss Count I of ICP's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i). The CIT held that it did not have subject matter jurisdiction over Count I of ICP's complaint because ICP failed to exhaust its protest administrative remedies under 15 U.S.C. §§ 1514 and 1515 prior to filing with the CIT. Order at 10. The CIT rejected ICP's arguments that following administrative protest procedures and bringing an action against the government under 28 U.S.C. § 1581(a) would result in an unacceptable delay. Order at 11-12. In doing so, the CIT stated that while those procedures may be "time consuming and vexing, they are nonetheless plaintiff's route to relief." Order at 11.

ICP voluntarily dismissed the remaining counts of its complaint pursuant to Fed. R. Civ. P. 41(a)(1), and final judgment was entered. This appeal followed. This court has jurisdiction under 28 U.S.C. § 1295(a)(5).

II

As in this court's earlier opinion in International Custom Products, the sole issue on appeal is whether the CIT possesses subject matter jurisdiction—here over Count I of ICP's complaint—under 28 U.S.C. § 1581(i). We review jurisdictional determinations

of the Court of International Trade without deference. DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1316 (Fed. Cir. 2006). Jurisdiction under 28 U.S.C. § 1581(i) may not be invoked unless jurisdiction under another subsection of § 1581 is either unavailable or manifestly inadequate. Int'l Custom Prods., 467 F.3d at 1327 (citing Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992)).

ICP presents five arguments as to why § 1581(a) jurisdiction is manifestly inadequate: (1) § 1581(a) jurisdiction "fundamentally alters the legal framework of the adjudication" because it requires that the court determine the correct classification of ICP's product de novo; (2) § 1581(a) jurisdiction is incapable of holding Customs accountable for its failure to comply with the notice and comment process mandated by 19 U.S.C. § 1625(c); (3) § 1581(a) would lead to a more prolonged adjudication which is incompatible with ICP's "need for urgent relief;" (4) § 1581(a) cannot assure ICP of prospective relief so that it may resume its business; and (5) § 1581(a) does not bind Customs to classify future entries in accordance with the court's classification determination.

We reject ICP's latter three arguments for the same reasons stated in this court's earlier opinion. See Int'l Custom Prods., 467 F.3d at 1327-28. We will now address ICP's remaining assertions.

First, ICP contends that § 1581(a) jurisdiction is manifestly inadequate because it requires a de novo classification determination by the CIT, and does not allow for review based on the administrative record. Specifically, ICP alleges that it is not seeking a de novo tariff classification of its product, but rather is seeking judicial review of Customs' decision to revoke its advance classification ruling. The fatal flaw in ICP's argument is

that it cannot by Count I seek judicial review of Customs' decision to revoke its advance classification ruling because it has failed to follow the express statutory scheme for doing so. That is, ICP failed to file a protest of Custom's actions and avail itself of jurisdiction under § 1581(a). As this court held in its earlier opinion, the protest procedure is available to ICP such that § 1581(a) is not manifestly inadequate. <u>Int'l Custom Prods.</u>, 467 F.3d at 1327. ICP cannot avoid the protest procedure by artfully recharacterizing the issue on appeal.

Second, ICP argues that § 1581(a) jurisdiction is manifestly inadequate because, by failing to hold Customs accountable for its administrative determinations, the integrity of 19 U.S.C. § 1625(c) is undermined and ICP's legal rights obtained by virtue of Customs' advance ruling are effectively nullified. ICP argues that, because CIT classification determinations are not limited to the agency record, Customs will be allowed to introduce new evidence justifying its revocation decision during a de novo trial held by the CIT. Under this scenario, ICP argues, § 1625(c) would have no purpose because Customs could simply revoke an advance classification ruling at will and avoid the consequences of its unlawful conduct by presenting new evidence to support its decision during the ensuing trial under Section 1581(a).

ICP's arguments with regard to 19 U.S.C. § 1625(c) are effectively rebutted by the government, which correctly points out that § 1581(a) is an adequate remedy, and that, even if it were not, jurisdiction under § 1581(h) would be the only remedy available to challenge the validity of Customs' Notice of Action without requiring prior importation

of goods.[*]  The government also points out that Count I is not related to violations of 19 U.S.C. § 1625(c), but challenges the classification of ICP's goods as a matter of law.

Finally, ICP contends that the fact that there were no prior entries of its product distinguishes the instant appeal from our earlier decision in International Custom Products.  Specifically, ICP argues that the protest and review scheme contemplated under § 1581(a) is unavailable because it did not import any product prior to filing this action and has not imported any product since.  However, ICP's decision to halt importation of its product is its own doing.  The government indicated that it was willing to allow ICP to import a test shipment, which would be liquidated on the same day.  ICP could have filed a protest on that day, which Customs was willing to deny on the same day.  ICP cannot manufacture jurisdiction under § 1581(i) by willfully avoiding the prerequisites of § 1581(a).

Therefore, for the reasons set forth above, the final judgment of the Court of International Trade dismissing Count I of ICP's complaint for lack of subject matter jurisdiction is affirmed.

---

[*] Under 28 U.S.C. § 1581(h), the CIT has exclusive jurisdiction over an action seeking a pre-importation review of a classification ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, so long as the party commencing the civil action demonstrates irreparable harm unless given an opportunity to obtain judicial review prior to importation.  28 U.S.C. § 1581(h).